Supreme Court—State v. Lanterman.

---

THE STATE, DEFENDANT IN ERROR, v. RALPH LANTERMAN, PLAINTIFF IN ERROR.

Decided November 8, 1923.

**Crimes—False Pretenses—Sale of Corporate Stock—Refusal to Charge Jury Regarding Defendant's Good Character.**

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the state, *Theodore E. Dennis.*

For the defendant, *King & Vogt* and *Harold A. Price.*

PER CURIAM.

Two indictments were found against defendant at the Sussex Quarter Sessions, charging him with obtaining money under false pretenses. The complaining witnesses in each case were sisters. The two cases were founded on similar allegations and by consent of the parties, with the approval of the court, were tried together. Defendant was convicted and a fine of $200 imposed. Defendant at the time of the alleged commission of the crime in 1921 was twenty-two years of age, and had accepted employment with the United Service Exchange, a corporation engaged in the sale of stock of other

companies, including that of the Universal Tire Company. He was given a prospectus, a financial statement of the Universal Tire Company, prepared by R. G. Dun & Company, and sample certificates of stock, letters of introduction and bank references. He received ten per cent. on all stock he sold for cash and seven per cent. on stock sold under a deferred payment plan. He has known the two witnesses intimately for years. They testified that defendant said that the stock of the Universal Tire Company was "guaranteed by the Federal Reserve Bank of Philadelphia;" that they believed this statement was true and were induced thereby to purchase fifteen and twenty-five shares respectively. The parents of the complaining witnesses and Mr. Van Etten, who had married Miss Edna Roy, corroborated the statement that these representations had been made. Defendant denied the making of such representation and testified that what he did tell them, as he told all prospective purchasers, was that the coupons on the gold bonds, which accompanied the stock, were payable through any bank.

Several months after the sale of the stock, complaining witnesses called on defendant at Newark and demanded their money back. Defendant testified that he told them he would try to resell the stock for them, that the company he worked for had a resale department. He did endeavor to do so but was unsuccessful. This indictment resulted.

We think the issue presented was one of fact for the jury and we would be inclined to affirm the conviction, except for the court's refusal to charge the defendant's fourth request, as follows: "You have a right to consider the evidence of defendant's good character, and if from all the evidence in the case, including that of good character, you have reasonable doubt as to this defendant's guilt, your verdict should be not guilty."

The learned trial court failed to charge the request, or to charge the law upon the subject in any other form, but instead stated, "There is evidence of his good character, and, gentlemen, you must give it such weight as you think it is worth."

The request as persented contained a substantial expression of the legal rule upon the subject of character in its relation to the rule of reasonable doubt, and the request or its equivalent should have been charged. *State* v. *Lang,* 87 *N. J. L.* 508.

For that reason the judgment of conviction is reversed.